FILED

PETER W. CAVETTE (CA 50261)
544 E. Route 66
Glendora, CA 91740
626 963-1106
626 963-1108 (Fax)
Attorney for Plaintiffs

2013 DEC -5 AM 10: 08

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY ______________________

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Leslie Farrow, Curtis Farrow, Matt Pendo, Charles Poss, Mike Bergen, Gene Brewer, Louie Giampapa, Erik Lagafuaina, Trustees of the Construction Teamsters Health & Welfare Trust, formerly known as the Construction Teamsters Security Trust, the Construction Teamsters Vacation-Holiday Trust, the Construction Teamsters Training and Upgrading Trust, and the Construction Teamsters Contract Compliance Trust,

Plaintiffs,

vs.

Irvine Pipeline Co., Inc., a California Corporation,

Defendant.

Case No.: 5:13 cv-2231 VAP-SPx

COMPLAINT FOR DELINQUENT CONTRIBUTIONS, LIQUIDATED DAMAGES, ATTORNEY FEES AND COSTS

[ERISA Sec. 515, 502 (a)(g)
29 U.S.C. Sec. 1145,
1132 (A)(C)]

---

Plaintiffs complain of defendant and for a cause of action allege that:

1. Jurisdiction of this Court is founded upon Section 301 (c) (1) of the National Labor Relations Act of 1947 [29 U.S.C. sec. 185 (a)] and 502 of the Employee Retirement Income Security Act of 1974, (29 U.S.C. sec. 1132) in that defendant has allegedly violated a collective bargaining agreement and

LODGED
CLERK, U.S. DISTRICT COURT
DEC - 2 2013
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

certain Trust Agreements, thereby violating the provisions of ERISA and the provisions of the National Labor Relations Act of 1947.

2. Individually named trustees are the Trustees of the Construction Teamsters Health & Welfare Trust, the Construction Teamsters Vacation-Holiday Trust. The Construction Teamsters Training and Upgrading Trust and the Construction Teamsters Contract Compliance Trust, hereinafter referred to as the "Trust Funds." The Trust Funds are authorized the maintain suit as independent legal entities under section 502 (d)(1) of ERISA, 29 U.S.C, section 1132 (d)(1).

3. The Trust Funds are administered by their Board of Trustees and they have their office in Covina, CA. Venue is proper in this District Court under section 502 (e)(2) of ERISA, (29 U.S.C. section 1132 (E)(2).

4. Defendant Irvine Pipeline Co., Inc. is a California corporation and is hereinafter referred to as "defendant."

5. The Trust Funds were created and now exist pursuant to section 302 (c) Of the Labor Management Act of 1947 as amended, 29 U.S.C. section 186 (c). The Trust Funds are multi-employer plans as defined in ERISA section 3 (37)(A) and used in ERISA section 515 and 502(g)(2), as amended, 29 U.S.C. Section 1145, 1132(g)(2).

6. On July 5, 1983, defendant signed an affirmation agreement with Teamsters Local 166 and Joint Council 42 of Teamsters that bound it to the terms of said Master Labor Agreement. The defendant subsequently authorized Engineering Contractors' Association to act as its bargaining representative with the aforementioned unions and bound itself to subsequent master labor agreements and the Declaration of Trust of the previously mentioned Trust Funds. A true and correct copy of the original affirmation agreement is attached hereto as exhibit "1."

7. In the Master Labor Agreement, Defendant agreed to comply with all the terms of Plaintiffs Trust Agreement and incorporated the same by reference (section 3001).

8. In the Master Labor Agreement and the trust agreements, Defendant promised it would contribute and pay the respective trust funds fringe benefit contributions for each hour worked (or paid for) by persons performing services covered by the master labor agreement. The amounts paid by the Defendant were to be paid to the trust Funds at their place of business in Los Angeles, on the 15th day of the each successive month, commencing on the 15th day of the month during the term of the Master Labor Agreement. All person performing craft work (eg. Water truck drivers) on the project within the jurisdictional confines of the Master Labor Agreement, were considered covered employees, not withstanding that such persons carried a card associated with another craft.

9. The parties determined that the regular and prompt payment of employer contributions to the Trust is necessary for the maintenance of the Trusts and its beneficiaries, and that it would be extremely difficult, if not impossible, to fix the actual expenses and damage caused to Plaintiffs' Trust Funds which would result from the failure of an individual employer to make prompt payments or to report timely. Accordingly, under the terms of the trust agreements, failure to report or make payments cause the employer To be liable for liquidated damages, calculated at $35.00 per trust per month, of 12% of the amount of unpaid contributions, whichever is greater.

10. Defendant used a water truck, or water trucks, on various projects within the jurisdictional boundaries of the Master Labor Agreement in the period of January, 2009 through May, 2013. Defendant failed to report or pay fringes to the Plaintiffs for said period and instead, unilaterally assigned the work to another craft without notice to the Plaintiffs. In a subsequent

audit commenced prior to this lawsuit, defendant was billed $56,200.93 for unpaid fringes, $6,425.66 for liquidated damages and $1400 for the audit fee. Plaintiffs have demanded that defendant pay $64,026.59 and defendant has refused to pay said sum.

11. The Trust Agreements provide that, in the event suit is instituted to enforce the terms of the agreement and payments hereunder, the defendant shall pay court costs and a reasonable attorneys' fee. It has been necessary for plaintiffs to employ Peter W. Cavette, a member of this Court, to pursue this action.

WHEREFORE, plaintiffs pray for judgment against defendant as follows:

1. For monetary damages of $64,026.59;

2. For reasonable attorneys fees;

3. For Plaintiffs costs of suit.

4. For such other and further relief as the Court deems just and proper.

Dated: November 26, 2013

PETER W. CAVETTE

[signature]

Attorney for Plaintiffs

# SOUTHERN CALIFORNIA TEAMSTERS

## SHORT FORM AGREEMENT

THIS AGREEMENT is entered into on the date shown below between the individual, partnership or firm signatory as a contractor below; hereinafter referred to as the Contractor or the Employer, and Joint Council of Teamsters No. 42 for and on behalf of its affiliated Local Unions, and Local 87, hereinafter referred to as the Union.

WITNESSETH:

Whereas, the Contractor party hereto is engaged in work in the construction industry in the Southern California area; and

Whereas, the Union party hereto represents workmen engaged in the construction industry;

NOW, THEREFORE, it is mutually agreed as follows:

### ARTICLE I

Contractor recognizes the Union as sole and exclusive collective bargaining representative for all workmen performing work for the Contractor over which the Union has jurisdiction.

### ARTICLE II

A. The parties hereto agree to be bound by all the terms and conditions of the current multi-employer labor agreement between the Union and Associated General Contractors of California, Inc., and others, known as the Master Labor Agreement and all renewals, changes, or modifications thereto entered into between said Association, and others, and the Union, thereafter, except as such Agreement may be specifically modified herein, and except that the provisions of Article III, (exclusive of paragraph 303. and 303.1), and the provisions of Article V shall not be a part of this Agreement.

B. The Contractor recognizes and has read the provisions of Article II of the Master Labor Agreement described in paragraph A of this Article and both parties hereby specifically agree to the hiring procedures contained herein.

C. The Employer hereby acknowledges receipt of a copy of the Master Labor Agreement referred to above.

## ARTICLE III

A. It shall not be a violation of this Agreement, and it shall not be cause for discharge or disciplinary action in the event an employee refuses to enter upon any property involved in a primary labor dispute, or refuses to go through or work behind any primary picket line, including the picket line of Unions party to this Agreement, and including picket lines at the Employer's places of business.

B. It shall not be a violation of this Agreement and it shall not be a cause for discharge or disciplinary action if any employee refuses to perform any service which his Employer undertakes to perform for an employer or person whose employees are on strike, and which service, but for such strike, would be performed by the employees of the employer or person on strike.

## ARTICLE IV

A. Contractor agrees to make payments as required by the Master Labor Agreement into those Trust Funds established for the joint administration of certain welfare, pension, or fringe benefits for workmen covered by the Master Labor Agreement and this Agreement, of the amount required by the Master Labor Agreement for each and every hour worked or required to be paid for, by workmen covered by this Agreement.

B. All such payments shall be due and payable not later than the 15th day of the month following that in which the work was performed; and in the event such payments are not made by the 15th day of that month, and postmarked on or before the 15th day of that month, the Contractor agrees to pay liquidated damages as provided in the Trust Agreement.

C. The parties hereto agree to be bound by all the terms and conditions of the Agreements and Declarations of Trust of the Trust Funds referred to above, establishing such Trust Funds. Said Agreements and Declarations of trust are hereby incorporated therein by reference. The Contractor grants power of attorney to the employer trustees now in

office or subsequently appointed to administer said Trust Funds as the representatives of the Contractor and with full authority to act for the Contractor as the Contractor's representatives in the administration of said Trust Funds.

D. The Contractor agrees that the payments required above shall be made and accompanied with a form to be completed monthly listing all workmen by name and Social Security Number who have performed any work for the Contractor during the preceding month showing on the said form the number of hours each employee has worked or been paid for. Such forms will be furnished to the Contractor for his use.

E. The undersigned Contractor by his signature acknowledges receipt of a true and correct copy of the Agreements and Declarations of Trust establishing the Trust Funds provided for by Agreement.

## ARTICLE V

A. Nothing contained in any provisions of this Agreement shall limit the right of the Union to strike or picket to enforce the terms of this Agreement, except those terms rendered lawful solely by the application of the construction industry proviso to Section 8(e) of the National Labor Relations Act, as amended. The latter type disputes shall be resolved in court proceedings.

B. All disputes arising under this Article V shall be settled under the procedure outlined in Article VI hereof.

C. Article VI shall not apply to the enforcement of the provisions of Article XVII, XIX, XX and XXI of the Master Labor Agreement, or in any way limit the rights of the Trustees, or the Union, to enforce the trust agreements, which shall include the right to strike, picket or proceed in a court action.

## ARTICLE VI

A. Except as modified in Article V, A., hereof, all questions, disputes or controversies arising out of the interpretation or application of this Agreement or the Master Labor Agreement, shall be settled as follows:

1. Representative of the Local Union and the Contractor shall meet and endeavor to settle the dispute.

2. Failing settlement, the party desiring to submit the unsettled dispute to arbitration shall notify one of the following Impartial Umpires, in the order of their listing herein, as they are available: Melvin Darrow, Frederick Richman, Charles Steese.

3. The Impartial Umpire shall notify the other party of his selection and promptly set the time and place for the arbitration hearing.

4. The compensation and expense of the Impartial Umpire and of the arbitration proceedings shall be paid by the losing party. The Impartial Umpire shall determine which is the losing party.

5. The decision of the Impartial Umpire shall be final and binding on all parties.

B. In the event a Contractor refuses to arbitrate any matter within the meaning of Articles V and VI hereof, requiring the Union to secure a court order compelling arbitration or in the event a Contractor refuses to abide by a decision of an Impartial Umpire, requiring the Union to secure a court ruling confirming the award, the Contractor involved shall pay all reasonable attorney's fees and expenses of litigation and investigation necessary for such court action. Disputes under this Paragraph B shall be subject to the arbitration procedure outlined in Paragraph A.

C. The Impartial Umpire shall have final authority as between the parties, to determine the arbitrability of any question, dispute and controversy under this Agreement.

D. The procedure for disputes settlements outlined in Articles V and VI, hereof, shall not be deemed to be mutually exclusive, and the use of one procedure shall not be deemed a waiver of the other.

ARTICLE VII

The parties hereto agree that carbon copies of signatures to this Agreement shall be deemed to be orginal signatures and have the full force and effect of original signatures.

## ARTICLE VIII

This Agreement shall become effective as of the date shown below and shall continue in effect for the same term as the Master Labor Agreement and for any modifications, extensions, renewals or subsequent agreements, unless either party gives the other notice of its desire to terminate. Such notice must be sent at least sixty (60) days prior to the end of the term of the Master Labor Agreement. In order to be effective, the notice must be mailed Certified, Return Receipt Requested to Joint Council of Teamsters No. 42.

Effective Date: July 5, 1983
Date Signed: July 5, 1983

CONTRACTOR
Irvine Pipeline Company Inc.
P.O. Box 3328
Santa Ana Calif 92703
(Address)
Telephone (714) 953-5979 ; License No.: ____________
By: [signature] Pres.
(Title)

UNION
TEAMSTERS UNION LOCAL #166
252 W. HILLCREST AVE., SAN BERNARDINO, CA 92408
Telephone: (714) 824-0161
By: [signature], Pres.
(Title)